SARAH CHAMBERLAIN

*v.*

MARY W. HOFFMAN et al.

Certain chattels were sold by the complainant to the defendant for $900, for which nine notes of $100 each were given, three of which have been paid. Certain other chattels, in which complainant had no interest, were sold by one Mrs. Ellis to defendant for $900, for which $500 in cash were paid and two notes for $150 each and one for $100 given, all of which have been paid. To secure all of these notes ($1,300), defendant gave to complainant a mortgage on lands.—*Held*, that, as against complainant, it is no defence to the foreclosure of the mortgage for the amount due on the six unpaid notes, that the title to

part of the chattels sold by Mrs. Ellis has failed ; *held, further*, that a non-resident, in whose hands the bill alleges the mortgage casually came, and who retains it unjustly and fraudulently, must be made a party.

Bill to foreclose.   On final hearing on pleadings and proofs.

*Mr. C. T. Reed,* for complainant.

*Mr. P. S. Scovel,* for defendants.

THE CHANCELLOR.

This suit is brought to foreclose a mortgage given to the complainant by Mary W. Miller (now Hoffman) on land in Cape May city, to secure the payment of $1,300 with interest, in eighteen months from its date, September 18th, 1874, according to the condition of the mortgagor's bond to the complainant of the same date.   The bond and mortgage were given as collateral security for the payment of nine promissory notes, given by Mrs. Miller to Mrs. Amelia B. Ellis and the complainant for part of the purchase-money of certain household furniture sold by them respectively—part of it by each—to her.   The amount for which she purchased the property of each of them was $900. For the furniture bought of Mrs. Ellis she paid $500 in cash and gave two notes for $150 each and one of $100.   Those notes have all been paid.   For that purchased of the complainant she gave her six notes of $100 each.   All the notes bore interest. Three of those given to the complainant have been paid.   The other six are unpaid and are long past due.   The defence to this suit is, partial failure of consideration of the notes, the defendants insisting that the title to part of the goods sold was not good, and that no title passed to Mrs. Miller by the sale.   But it is proved that those goods were part of the property sold to her by Mrs. Ellis (who, as before stated, has been paid in full), and that the complainant had no interest in them and did not sell them.   The title to the goods sold by complainant has never been questioned.   The attempt to show that the goods were all owned by Mrs. Ellis and the complainant in partnership (in the business

of keeping a boarding-house in Philadelphia), was not successful. It appears clearly that neither of them had any interest in the goods sold by the other or the proceeds of the sale thereof. The reason why one mortgage was given to secure the payment of the notes of both, instead of a mortgage to each, was merely that Mrs. Miller preferred that method from considerations of economy, to save the cost of one mortgage. There will be a decree for the complainant for the amount due on the six notes, with interest.

The bill states that the mortgage casually came into the hands of John H. Gould, of Philadelphia, who still unjustly and fraudulently retains it, but for what purpose the complainant does not know, and the bill charges that he has no interest in it. Gould should have been made a party to the suit, and there can be no decree for the complainant until he is brought in. I have decided the case on its merits as between the parties to the suit, because it is alleged that Gould's consent to a decree for the complainant can be obtained, and the parties desired to submit the case for decision on the merits notwithstanding Gould is not a party.